LOCKE LORD BISSELL & LIDDELL LLP
Matthew B. McClendon (SBN 256031)
mmcclendon@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071
Telephone:  (213) 485-1500
Facsimile:   (213) 485-1200

Attorneys for Defendants
HOMECOMINGS FINANCIAL LLC and
EXECUTIVE TRUSTEE SERVICES, LLC
(incorrectly sued as "ETS Services, LLC")

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN LEMUS and ROSA ISELA LEMUS,<br><br>    Plaintiffs,<br><br>  vs.<br><br>HOMECOMINGS FINANCIAL, LLC (a Delaware Limited Liability Company); ETS SERVICES, LLC (a Delaware Limited Liability Company) and DOES 1 through 50, Inclusive,<br><br>    Defendants. | Case No. SACV 09-00180 AG (MLGx)<br><br>Hon. Andrew J. Guilford<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:    March 23, 2009<br>Time:   10:00 a.m.<br>Place:   Courtroom 10D<br><br>[Proposed] Order Filed Concurrently Herewith |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on March 23, 2009 at 10:00 a.m., or as soon thereafter as the matter may be heard in the above-titled Court, Defendants Homecomings Financial, LLC ("Homecomings") and Executive Trustee Services, LLC (incorrectly sued as "ETS Services, LLC") ("ETS") will bring for hearing before the Honorable Andrew J. Guilford, United States District Judge, in Courtroom 10D of the United Stated Courthouse located at 411 West Fourth Street, Santa Ana, California 92701, their Motion to Dismiss the Complaint.

Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on grounds that Plaintiffs' Complaint fails to state claims against Defendants upon which relief may be granted. This Motion is based on this Notice of Motion and Motion, the incorporated Memorandum of Points and Authorities, any additional documents filed concurrently herewith, the pleadings, papers and records on file in this action, and such oral argument as may be presented at the time of the hearing.

This Motion is made following Defendants' counsel's repeated attempts to conduct a Local Rule 7-3 conference with Plaintiffs' counsel. Plaintiffs' counsel failed to respond to numerous telephone messages and to a detailed letter sent on February 16, 2009.

Dated: February 23, 2009          LOCKE LORD BISSELL & LIDDELL LLP

By: /s/ Matthew B. McClendon
    Matthew B. McClendon

Attorney for Defendants
HOMECOMINGS FINANCIAL, LLC and
EXECUTIVE TRUSTEE SERVICES, LLC

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

# **TABLE OF CONTENTS**

I.   INTRODUCTION ..................................................................................................1

II.   ARGUMENT.........................................................................................................2

    A.   PLAINTIFFS' CLAIM FOR DECLARATORY RELIEF (COUNT ONE) IS INADEQUATELY PLED AND FUNDAMENTALLY FLAWED. ..................................................................................................2

    B.   PLAINTIFFS' REQUEST TO SET ASIDE NOTICES OF DEFAULT AND SALE (COUNT TWO) FAILS BECAUSE THERE IS NO LEGAL OBLIGATION TO POSSESS THE ORIGINAL NOTE. ..................................................................................4

    C.   PLAINTIFFS' EQUITABLE CLAIMS (COUNTS TWO-SIX) FAIL BECAUSE PLAINTIFFS HAVE AN ADEQUATE REMEDY AT LAW AND HAVE NOT ALLEGED THE REQUISITE FACTS.......................................................................................5

    D.   PLAINTIFFS' "CLAIMS" FOR ACCOUNTING AND DAMAGES (COUNTS FIVE AND SEVEN) FAIL BECAUSE THEY ARE REMEDIES RATHER THAN CAUSES OF ACTION..................................................................................................7

    E.   ETS CANNOT BE LIABLE IN ANY EVENT BECAUSE ITS ACTIONS ARE SUBJECT TO THE LITIGATION PRIVILEGE. ....8

III.   CONCLUSION .....................................................................................................9

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071

iii

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
*Lemus v. Homecomings Financial, LLC*, Case No. SACV09-00180 AG (MLGx)

# TABLE OF POINTS AND AUTHORITIES

**Federal Cases**

*Balistreri v. Pacifica Police Dep't*
  901 F.2d 696 (9th Cir. 1990) .................................................................................. 2

*Bell Atlantic Corp. v. Twombly*
  550 U.S. 544, 127 S. Ct. 1955 (2007) ................................................................ 1, 2

*Candelo v. NDEX West, LLC*
  No. CV F 08-1916 LJO (DLB), 2008 U.S. Dist. LEXIS 105926
  (E.D. Cal. Dec. 23, 2008) ....................................................................................... 5

*Chavez v. Reconstruct Co.*
  No. CV F 08-1864, 2008 U.S. Dist. LEXIS 104060
  (E.D. Cal. Dec. 11, 2008) ....................................................................................... 6

*Lopez v. Smith*
  203 F.3d 1122 (9th Cir. 2000) ................................................................................ 2

*Power & Irrigation Co. v. Capay Ditch Co.*
  226 F. 634 (9th Cir. 1915) ...................................................................................... 6

*Quintos v. Decision One Mortgage Co., LLC*
  No. 08-CV-1757 JM (POR), 2008 U.S. Dist. LEXIS 104503
  (S.D. Cal. Dec. 29, 2008) ....................................................................................... 4

*San Diego Home Solutions, Inc. v. Reconstrust Co.*
  No. 08-cv-1970 L (AJB), 2008 U.S. Dist. LEXIS 99684
  (S.D. Cal. Dec. 10, 2008) ....................................................................................... 4

*Silvas v. E*Trade*
  514 F.3d 1001 (9th Cir. 2008) ................................................................................ 4

**State Cases**

*Ball v. FleetBoston Financial Corp.*
  164 Cal. App. 4th 794 (2008) ................................................................................ 3

*Batt v. City and County of San Francisco*
  155 Cal. App. 4th 65 (2007) .............................................................................. 6, 7

*County of San Diego v. State*
  164 Cal. App. 4th 580 (2008) ................................................................................ 3

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071

*Duggall v. G.E. Capital Comm. Servs., Inc.*
 81 Cal. App. 4th 81 (2000)................................................................................7

*Garretson v. Post*
 156 Cal. App. 4th 1508 (4th Dist. 2007).............................................................8

*Karlsen v. American Savings and Loan Assoc.*
 15 Cal. App. 3d 112 (1971)................................................................................7

*Marsh v. Edelstein*
 9 Cal. App. 3d 132 (1970)..................................................................................6

*Moeller v. Lien*
 25 Cal. App. 4th 822 (1994)...............................................................................5

*Residential Capital v. Cal-Western Reconveyance Corp.*
 108 Cal. App. 4th 807 (2003).............................................................................5

*Shimpones v. Stickney*
 219 Cal. 637 (1934)............................................................................................7

*Travers v. Louden*
 254 Cal. App. 2d 926 (1967)..............................................................................3

**State Statutes**

Cal. Civ. Code § 47...................................................................................................8

Cal. Civ. Code § 1486...............................................................................................6

Cal. Civ. Code § 1493...............................................................................................6

Cal. Civ. Code § 1494...............................................................................................6

Cal. Civ. Code § 1495...............................................................................................6

Cal. Civ. Code §§ 2924-2924*l* ..........................................................................passim

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071

**Other Authorities**

5 WITKIN, SUMMARY OF CAL. LAW Ch. IX § 561 (10th ed. 2005) ............................... 8

Miller & Starr, California Real Estate (3rd Ed. 1989)
   10 Deeds of Trust § 12:212, pp. 658-59 ........................................................ 6

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071

vi

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
*Lemus v. Homecomings Financial, LLC*, Case No. SACV09-00180 AG (MLGx)

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Defendant ETS is the trustee for the Deed of Trust securing Plaintiffs' repayment obligations under the mortgage loans at issue.  Defendant Homecomings is the servicer and Plaintiffs' original lender.  After Plaintiffs defaulted on their repayment obligations, ETS commenced a non-judicial foreclosure pursuant to sections 2924-2924*l* of the California Civil Code.  Plaintiffs have filed this frivolous lawsuit for the sole purpose of delaying that foreclosure.[1]

Notably, although Plaintiffs' Complaint sounds entirely in equity, nowhere do they assert that they *have* satisfied their repayment obligations or that they are *not* in substantial default under the relevant contracts.  Nor do they indicate any ability, or even willingness, to return the hundreds of thousands of dollars they admit Homecomings advanced to them if they somehow obtain the equitable relief they purport to seek—*e.g.*, "cancellation" of the entire loan transaction.  Instead, Plaintiffs raise specious "equitable" claims in a boilerplate manner and ask that their repayment obligations simply be forgiven.  As the basis for this relief, Plaintiffs allege breach of purported legal obligations that do not even exist.  At bottom, Plaintiffs concede that they have not articulated any viable cause of action, but ask the Court to let them undertake discovery in order to *find* a claim.  (Compl. ¶ 19).

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper when the plaintiff either lacks a "cognizable legal theory" or where there is a "legally cognizable" right but the plaintiff fails to allege sufficient facts to support the claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007). Because Plaintiffs' Complaint fails in both regards, it should be dismissed in its entirety.  Moreover, because no law supports Plaintiffs' underlying legal theories,

---

[1] In an effort to further hinder the foreclosure, Plaintiffs also recorded a "Notice of Action Pending (Lis Pendens)."  ETS and Homecomings have separately moved to expunge the Lis Pendens. (*See* Notice of Motion and Motion to Expunge, Docket No. 6, filed Feb. 20, 2009 and set for hearing concurrently with this Motion).

dismissal with prejudice is appropriate. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (dismissal with prejudice is proper when pleading defects cannot be cured with additional factual allegations).

## II.  ARGUMENT

When a plaintiff's complaint fails to provide grounds for entitlement to relief, it must be dismissed. *Twombly*, 127 S. Ct. at 1964-65; *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint containing mere "labels and conclusions," or a "formulaic recitation of the elements of a cause of action" will not suffice to overcome a motion to dismiss. *Twombly*, 127 S. Ct. at 1964-65.  Thus, a plaintiff must allege *facts*—not just legal terminology or stock conclusions—that if proven would entitle plaintiff to the relief requested.

Plaintiffs here assert a cause of action for "Declaratory Relief," as well as various other equitable claims (*i.e.*, "Set Aside Notice of Trustee's Sale and Notice of Default," "Cancellation of Instruments," "Quiet Title to Real Property," "Accounting" and "Injunctive Relief."), and, finally, a so-called cause of action for "Damages." Yet, the Complaint itself is generally void of any facts necessary to support these formulaic requests for relief or to evaluate the basis for the claims asserted against Defendants.  Plaintiffs' Complaint is wholly insufficient and should be dismissed.

### A.  PLAINTIFFS' CLAIM FOR DECLARATORY RELIEF (COUNT ONE) IS INADEQUATELY PLED AND FUNDAMENTALLY FLAWED.

Although Plaintiffs purport to seek "Declaratory Relief" in Count One of their Complaint, it is simply impossible to discern exactly what declaration they want from this Court, or on what legal basis they are entitled to it (whatever it is).  No specific declaration is identified in the paragraphs of Count One itself, or anywhere else in the Complaint.  The closest Plaintiffs come is to pray for "judgment declaring the duties, rights and obligations of the parties to this action." (Compl. p. 11). Plaintiffs fail to articulate any cognizable basis for such a declaration (again,

whatever it is), and merely list a collection of state and federal statutes that they contend were somehow violated by Homecomings and/or ETS.  Indeed, Plaintiffs admit that they have not pled facts to establish any specific statutory violation, but ask the Court to let them look for one:

> Plaintiffs are informed and believe and based thereon allege that the original lender of "HOMECOMINGS", its successors in interest by agency, assignment by appointment, being current beneficiary of its servicing agent, have engaged in deceptive loan practices with respect to Plaintiffs, in knowing violation of the Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C., Section 1637, and the Truth In Lending Action [sic] ("TILA"), 15 U.S.C Section 1601-1667f, and Federal Reserve, Regulation-Z, 12 CFR 226.23(a)(3), and the Federal Trade Commission Act ("FTC"), 15 U.S.C. Sections 41-58.  *The full details of these violations is presently unknown to Plaintiffs, however, when these facts are ascertained through discovery and investigation, this complaint will be amended with leave of court to allege to those facts*.

(*Id.* ¶ 19) (emphasis added).  This paragraph, one of several like it in the Complaint, provides a clear example of Plaintiffs' failure to allege the requisite facts to support their claims.  (*See*, *e.g.*, *id.* ¶¶ 13, 14, 16, 39); *see also Ball v. FleetBoston Financial Corp.*, 164 Cal. App. 4th 794, 800 (2008) (affirming rejection of claim for declaratory relief based on alleged statutory violation where court concluded that underlying statutory violation was inadequately pled).

Moreover, Count One is fundamentally defective because declaratory relief operates *prospectively* to prevent harms that may occur in the future, not as a mechanism to redress past wrongs (*i.e.*, alleged statutory violations).  *See Travers v. Louden*, 254 Cal. App. 2d 926, 931 (1967); *County of San Diego v. State*, 164 Cal. App. 4th 580, 606 (2008).  Here, Plaintiffs *appear* to seek a declaration that Homecomings or "its successors in interest by agency, assignment by appointment, being current beneficiary of its servicing agent" somehow violated, *inter alia*, HOEPA, TILA and/or the FTCA in connection with their loan transaction.  (Compl. ¶ 19).  However, the appropriate vehicle for addressing alleged statutory violations in

the *past* is to bring a cause of action under the relevant statutory framework. Plaintiff may not employ a claim for declaratory relief as a means to alter or expand the remedies afforded by a comprehensive statutory framework such as TILA. *See Silvas v. E*Trade*, 514 F.3d 1001, 1007 (9th Cir. 2008). Declaratory relief is simply not the appropriate vehicle to address such claims and Count One should be dismissed without leave to amend.

### B. PLAINTIFFS' REQUEST TO SET ASIDE NOTICES OF DEFAULT AND SALE (COUNT TWO) FAILS BECAUSE THERE IS NO LEGAL OBLIGATION TO POSSESS THE ORIGINAL NOTE.

Count Two of Plaintiffs' Complaint, seeking to "Set Aside Notice of Trustee's Sale & Notice of Default," should also be dismissed because it finds no basis in applicable law. Plaintiffs seek to set aside the non-judicial foreclosure because Defendants purportedly are not "in the possession of the original Promissory Notes." (Compl. ¶ 30) (underlining in original). As an initial matter, it is difficult to conceive of what good-faith basis Plaintiffs have to make this allegation, and since Plaintiffs' counsel refused to participate in a Local Rule 7-3 conference, Defendants remain stumped. That issue aside, however, there is simply no requirement under California law that Defendants be in actual physical possession of an original note before instituting a non-judicial foreclosure. As this Court is aware, numerous district courts in California considering complaints advancing identical claims have recently confirmed what was already apparent—that "California law does not require that the original note be in the possession of the party initiating non-judicial foreclosure." *See*, *e.g.*, *San Diego Home Solutions, Inc. v. Reconstrust Co.*, No. 08-cv-1970 L (AJB), 2008 U.S. Dist. LEXIS 99684, *5 (S.D. Cal. Dec. 10, 2008); *Quintos v. Decision One Mortgage Co., LLC*, No. 08-CV-1757 JM (POR), 2008 U.S. Dist. LEXIS 104503, *7-8 (S.D. Cal. Dec. 29, 2008) ("[U]nder California law, an 'allegation that [the foreclosing entity] did not have the original note or had not

received it is insufficient to render the foreclosure proceeding invalid.'"); *see also* Cal. Civ. Code § 2924.

California law is clear and Plaintiffs' attempt to read additional requirements into the law must be rejected. Sections 2924 to 2924*l* of the California Civil Code set forth a "comprehensive statutory framework established to govern nonjudicial foreclosure sales." *Moeller v. Lien*, 25 Cal. App. 4th 822, 834 (1994). These provisions are "intended to be exhaustive." *Id*.; *see also Residential Capital v. Cal-Western Reconveyance Corp.*, 108 Cal. App. 4th 807, 826 (2003). "No requirement exists under the statutory framework to produce the original note to initiate non-judicial foreclosure." *Candelo v. NDEX West, LLC*, No. CV F 08-1916 LJO (DLB), 2008 U.S. Dist. LEXIS 105926, *12 (E.D. Cal. Dec. 23, 2008). Indeed, nothing in sections 2924 through 2924*l* requires the foreclosing parties to present an original of the note upon demand at *any* stage in the proceeding. Cal. Civ. Code §§ 2924-2924*l*.

Because the legal theory upon which the claim is predicated finds no support under California law, Count Two should also be dismissed with prejudice.

## C. PLAINTIFFS' EQUITABLE CLAIMS (COUNTS TWO-SIX) FAIL BECAUSE PLAINTIFFS HAVE AN ADEQUATE REMEDY AT LAW AND HAVE NOT ALLEGED THE REQUISITE FACTS.

In addition to the defect in Count Two discussed above, this claim, along with Counts Three through Six of Plaintiffs Complaint, should all be dismissed because the facts alleged do not give rise to claims in equity.

Counts Two ("Set Aside Notice of Trustee's Sale & Notice of Default"), Three ("Cancellation of Instruments"), Four ("Quiet Title to Real Property"), Five ("Accounting"), and Six ("Injunctive Relief") all seek equitable relief. However, Plaintiffs Complaint merely alleges, in conclusory fashion, that the underlying transaction is somehow tainted by purported statutory violations. (*See*, *e.g.*, Compl. ¶¶ 19, 33 (referencing the Promissory Notes, Deeds of Trust and default and sale notices and asserting that "[a]ll such documents, as progeny of multiple violations of

law are therefore void and unenforceable…")). Even if Plaintiffs' allegations were true (they are not), while they may give rise to claims under the statutes themselves, they do not give rise to any right of equitable relief. Plaintiffs may not seek to employ an equitable remedy where a remedy at law is afforded by a comprehensive statutory framework such as TILA. *See Batt v. City and County of San Francisco*, 155 Cal. App. 4th 65, 82 (2007) ("Because there is an adequate remedy at law, no tool of equity can be used to subvert or evade that remedy."); *Marsh v. Edelstein*, 9 Cal. App. 3d 132 (1970) ("For a court of equity to decree title…under the circumstances here shown, would constitute a new remedy.…While equitable relief is flexible and expanding, its power cannot be intruded in matters that are plain and fully covered by positive statute, nor will a court of equity lend its aid to accomplish by indirection what the law or its clearly defined policy forbids to be done directly.").

Moreover, through their so-called equitable claims, Plaintiffs purport to seek rescission of the Promissory Notes and Deeds of Trust and to void the documents that obligate them to repay the money they received from Homecomings. In essence, Plaintiffs are asking the Court to undo the transactions and give them the subject property free and clear. It is well settled, however, that one who seeks equity must do equity. *See, e.g.*, *Power & Irrigation Co. v. Capay Ditch Co.*, 226 F. 634, 640 (9th Cir. 1915). "The law is long established that a [party] must tender the obligation in full as a prerequisite to challenge a foreclosure sale." *Chavez v. Reconstruct Co.*, No. CV F 08-1864, 2008 U.S. Dist. LEXIS 104060, at *16 (E.D. Cal. Dec. 11, 2208), (citation omitted). Furthermore, tender must have been made in good-faith; the party making the tender must have the ability to perform; and the tender must have been unconditional. *See* Miller & Starr, California Real Estate (3rd Ed. 1989) 10 Deeds of Trust § 12:212, pp. 658-59; Cal. Civ. Code §§ 1486 (full performance), 1493 (good faith), 1494 (unconditional) and 1495 (offeror must have ability to perform). Absent allegations of Plaintiffs' tender of the amounts borrowed, or an *immediate* ability and willingness to do so, the Complaint fails to state a cause of

action for any form of equitable relief. *Karlsen v. American Savings and Loan Assoc.*, 15 Cal. App. 3d 112, 117 (1971). Thus, even if Plaintiffs had otherwise alleged sufficient grounds to quiet title (Count Four) and bar any further action against the property by Defendants (Count Six), Plaintiffs must stand prepared to tender and affirmatively allege their ability to do so. *Id.* (holding that plaintiff's failure to tender payment owed under the note bar the requested injunctive relief); *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934) (illustrating the proposition that a "mortgagor cannot quiet his title against the mortgagee without paying the debt secured").

Plaintiffs have failed to allege repayment of the loan balance or an immediate ability to do so. Therefore, Plaintiffs have not pled a claim for any form of equitable relief, and Counts Two through Six must be dismissed.

### D. PLAINTIFFS' "CLAIMS" FOR ACCOUNTING AND DAMAGES (COUNTS FIVE AND SEVEN) FAIL BECAUSE THEY ARE REMEDIES RATHER THAN CAUSES OF ACTION.

In addition to the reasons for dismissal of Count Five explained above, Plaintiffs' so-called "cause of action" for "Accounting" should be stricken or dismissed because it is not a cause of action at all, but rather a remedy. *See Batt*, 155 Cal. App. 4th at 82 (noting that an accounting is "not an independent cause of action but merely a type of remedy") (internal quotations omitted); *Duggall v. G.E. Capital Comm. Servs., Inc.*, 81 Cal. App. 4th 81, 95 (2000) ("The right to an accounting is derivative and depends on the validity of a plaintiff's underlying claims.").

The same is true of Plaintiffs' purported cause of action for "Damages" (Count Seven). There is no stand-alone cause of action for "damages" under California law. To the extent Plaintiffs seek damages, they must articulate some viable cause of action that allows for the recovery of damages and allege facts to support that claim. Plaintiffs cannot simply ask for damages without identifying the basis for their right to such relief. Since Plaintiffs have failed to assert viable claims or allege the requisite

7

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
*Lemus v. Homecomings Financial, LLC*, Case No. SACV09-00180 AG (MLGx)

1  facts to support those claims, there is no independent basis for damages and Count
2  Seven should be dismissed.

### E. ETS CANNOT BE LIABLE IN ANY EVENT BECAUSE ITS ACTIONS ARE SUBJECT TO THE LITIGATION PRIVILEGE.

In addition to the factual and legal deficiencies discussed above, Plaintiffs' claims are also defective as against ETS because the actions of a trustee in foreclosing on a deed of trust are protected by the litigation privilege. *See* Cal. Civ. Code § 2924(d) (stating that the mailing of required notices and performance of the functions and procedures necessary to carry out the duties of a trustee on a deed of trust "constitute privileged communications"). The litigation privilege acts as a limitation on ETS's liability in connection with the performance of its duties as trustee. *See* Cal. Civ. Code § 47; 5 WITKIN, SUMMARY OF CAL. LAW Ch. IX § 561 (10th ed. 2005).

Plaintiffs allege that ETS's liability stems from its actions in connection with the Notice of Trustee's Sale and otherwise proceeding towards the non-judicial foreclosure. All of ETS actions that Plaintiffs allege were unlawful are, therefore, protected by the litigation privilege and cannot give rise to any liability. *See Garretson v. Post*, 156 Cal. App. 4th 1508, 1518 (4th Dist. 2007) (noting that the "rationale for extending the litigation privilege . . . to nonjudicial foreclosures was to protect trustees in the performance of their contractual and statutory duties"). As a result, regardless of how the Court rules on the issues addressed above, the claims asserted against ETS should be dismissed.

///
///
///
///
///
///

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

## III. CONCLUSION

For the foregoing reasons, ETS and Homecomings respectfully request that this Court grant their Motion to Dismiss with prejudice and grant such other and further relief as it deems just and proper. A Proposed Order granting the relief sought herein has been filed concurrently with this Motion.

Dated: February 23, 2009                    LOCKE LORD BISSELL & LIDDELL LLP

                                            By: /s/ Matthew B. McClendon
                                                    Matthew B. McClendon

                                            Attorney for Defendants
                                            HOMECOMINGS FINANCIAL, LLC and
                                            EXECUTIVE TRUSTEE SERVICES, LLC

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

9
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
*Lemus v. Homecomings Financial, LLC*, Case No. SACV09-00180 AG (MLGx)

# CERTIFICATE OF SERVICE

I, Matthew B. McClendon, an attorney, do hereby certify that on February 23, 2009, I caused a copy of the foregoing DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES to be served by the method so indicated below upon the following parties:

Mr. James Curtis
JAMES CURTIS & ASSOCIATES
7121 Magnolia Ave.
Riverside, CA 92504

*Via U.S. Mail, postage prepaid.*

Dated: February 23, 2009                By:   /s/ Matthew B. McClendon
                                              Matthew B. McClendon

1570588v.3